### In re DREEBEN.

(District-Court, N. D. Texas. April 13, 1900.)

No. 170.

BANKRUPTCY—ATTORNEY'S FEE.

 Where the attorney of a voluntary bankrupt files his claim for fees for professional services rendered to the bankrupt, but the referee is not satisfied with the evidence introduced by the attorney as to the amount which should be allowed, he has power to suspend action on such claim for a reasonable length of time, in order to procure the testimony of the bankrupt in relation thereto; but if it is then impossible to secure such evidence, in consequence of the bankrupt having left the jurisdiction, the referee should decide the question upon such evidence as is before him.

In Bankruptcy. On question certified by referee in bankruptcy.

Israel Dreeben and John Church, for the bankrupt.

MEEK, District Judge. Upon the application of Israel Dreeben, Esq., and John Church, Esq., who have presented a claim against the bankrupt estate of Louis I. Dreeben, the following question is certified by Eugene Marshall, Esq., referee in bankruptcy, for my opinion thereon:

 "Whether I, as referee in bankruptcy, had the right to suspend the claim of said Israel Dreeben and John Church for attorney's fees until the testimony of Louis I. Dreeben, the bankrupt, could be taken in relation to said claim?"

From the record before me, it appears that Israel Dreeben and John Church were the attorneys for Louis I. Dreeben, the bankrupt. They prepared his petition in voluntary bankruptcy and his schedules, and performed other services usual and necessary to be performed for a voluntary bankrupt who brings a fund into court with him for distribution among his creditors. The creditors in due course made application to the referee to require Louis I. Dreeben, the bankrupt, to be examined. The examination was ordered, and the bankrupt's testimony was taken, but he absconded and left the territorial jurisdiction of the court before his testimony was written out and signed by him. Subsequently his attorneys presented their claim to the

referee for allowance.  The referee, after taking the testimony of the attorneys in relation to the services they had performed for the bankrupt, was not fully satisfied, and entered his order to the effect that the claim of these attorneys be suspended until the testimony of the bankrupt could be taken in relation thereto, and it is of this action of the referee that the attorneys complain.  I am of the opinion that the referee, not being satisfied with the evidence introduced before him relative to the reasonableness of the claim of the attorney's fees, had the right to suspend action on said claim for a reasonable time in which to secure the testimony of the bankrupt himself in relation thereto.  In event, however, it should appear that it is impossible to secure the testimony of the bankrupt upon the question, I think it would be the duty of the referee to pass upon the claim, in view of the evidence in relation to it which is now before him.  Those who have claims are, by the terms of the bankruptcy act, limited to a specific time within which to prove them up, and it would not be fair to the claimants to withhold action on their claims until the time provided by statute in which claims can be proven up had fully expired.  The referee is directed to proceed in accordance with the views herein expressed.  The costs incurred by reason of the certification of this question to the judge for his review should be paid out of the funds belonging to the estate of the bankrupt.